# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS

| | |
|---|---|
| **PREMA MAHARAJ TRUST,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 2025-0027 |
| ) | |
| v. ) | |
| ) | |
| **MARSHALL AND STERLING,** ) | |
| **ENTERPRISES INC., MARSHALL AND** ) | |
| **STERLING ST. CROIX, INC., and** ) | |
| **CERTAIN UNDERWRITERS AT** ) | |
| **LLOYD'S OF LONDON,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Appearances:**
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Robert J. Kuczynski, Esq.**
St. Croix, U.S.V.I.
    *For Defendants Marshall and Sterling Enterprises, Inc. and*
    *Marshall and Sterling St. Croix, Inc.*

**Ryan D. Schoeb, Esq.**
Tampa, FL
**Ryan C. Stutzman, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Certain Underwriters at Lloyd's of London*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Prema Maharaj Trust ("Plaintiff") and Defendant Certain Underwriters at Lloyd's of London's ("Underwriters") (collectively, the "settling parties") "Joint Notice of Settlement" ("Notice") (Dkt. No. 42) and "Joint Stipulation of Dismissal with Prejudice" ("Stipulation") (Dkt. No. 45).

In their Notice, the settling parties advised the Court that they "have settled the Plaintiff's claims against Underwriters" and are "finalizing closing documents[.]" (Dkt. No. 42 at 1). The

settling parties "request[ed] that the Court retain jurisdiction for 30 days from the date of the submission of this Notice to enforce the terms of the agreement[.]" *Id.*

In response, the Court informed the settling parties that it is the Court's practice and policy to only entertain a request to retain jurisdiction over a matter together with the filing of a Stipulation of Dismissal signed by all parties who have appeared pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Dkt. No. 44 at 2). The Court therefore ordered the parties to file such a Stipulation of Dismissal by December 30, 2025, so that the Court may consider their request. *Id.* at 3. The settling parties subsequently filed a Stipulation on December 29, 2025, stating that they "stipulate[d] and agree[d] that the claims between them have been amicably resolved and may be dismissed with prejudice, with each party to bear its respective costs and attorneys' fees." (Dkt. No. 45 at 1).

The Court observes that while the title of the settling parties' latest filing is "Joint Stipulation of Dismissal with Prejudice"—suggesting invocation of Rule 41(a)(1)(A)(ii)—the docket text associated with the filing characterizes the filing as a "Notice of Voluntary Dismissal"—suggesting invocation of Rule 41(a)(1)(A)(i). Irrespective of the settling parties' diverging title and docket text, the body of the filing itself does not specify under which rule the settling parties seek to proceed. However, because the Stipulation was not signed by all parties who have appeared in the action,[1] it is not a proper invocation of Rule 41(a)(1)(A)(ii).[2]

---

[1] Neither the signature of counsel for Defendant Marshall and Sterling Enterprises, Inc. nor counsel for Defendant Marshall and Sterling St. Croix, Inc. appears on the filing. (Dkt. No. 45 at 1-2).

[2] As previously noted by this Court, the plain language of Rule 41(a)(1)(A)(ii) requires the signatures of all parties who have appeared in the lawsuit. *See, e.g.*, *Primavera v. Bank of Missouri*, 2023 WL 7527855 at *1 (E.D. Cal. Nov. 13, 2023) ("[B]ecause Rule 41(a)(1)(A)(ii) requires a stipulation of dismissal to be 'signed by all parties who have appeared,' and only Plaintiff and Equifax have signed the stipulation, the Court will require the remaining Defendant in the case who has appeared—The Bank of Missouri—to submit a filing approving or opposing the stipulation of dismissal."); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) (holding that "[i]n a multi-defendant lawsuit," the phrase "all parties

Rather than a Stipulation of Dismissal pursuant to Rule 41(a)(1)(A)(ii), the Court will construe the settling parties' request for dismissal as a Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i).  Underwriters has not served an answer or filed a summary judgment motion; therefore, Plaintiff may dismiss its claims under Rule 41(a)(1)(A)(i).  Acceptance of such a notice here, where Plaintiff has represented that its claims against Underwriters "have been amicably resolved" and has expressed its intent for the claims to be "dismissed with prejudice," is appropriate.  (Dkt. No. 45 at 1).  However, the settling parties' failure to file a Stipulation of Dismissal that complies with the requirements of Rule 41(a)(1)(A)(ii), as previously directed by the Court, thus necessitating that the Court construe the settling parties' filing as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i), prohibits the Court from exercising its discretion in addressing the settling parties' request for the Court to retain jurisdiction.[3]  Accordingly, the Court will direct the Clerk's Office to mark this case as terminated as to Defendant Certain Underwriters at Lloyd's of London as of December 29, 2025, the date of the filing of Plaintiff's Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i).  (Dkt. No. 42).

---

who have appeared" refers to not just "all parties involved in the dismissal" but rather "all parties who have appeared in the lawsuit . . . at some point during the litigation"); *Anderson-Tully Co. v. Fed. Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009) ("[T]he plain meaning of 'all parties who have appeared' [] include[s] all entities who have appeared in the action as parties.").

[3] Pursuant to Rule 41(a)(1)(A)(i), a plaintiff may dismiss an action "without a court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *See Boynes v. Limetree Bay Ventures, LLC*, 2025 WL 2097262 at *5 (D.V.I. July 25, 2025).  Such a dismissal is "automatic and immediate" and "invites no response from the district court and permits no interference by it." *Id.* (citing *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008)); *see also Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963) ("[The notice] itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.").  It would therefore follow that the discretion that the Court has the authority to exercise in deciding whether, and how long, to retain jurisdiction to enforce the terms of a settlement agreement would have no place in a Rule 41(a)(1)(A)(i) notice of voluntary dismissal.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiff Prema Maharaj Trust and Defendant Certain Underwriters at Lloyd's of London's "Joint Stipulation of Dismissal with Prejudice" (Dkt. No. 45) is **ACCEPTED** as a Notice of Voluntary Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); and it is further

**ORDERED** that the "Joint Stipulation of Dismissal with Prejudice" (Dkt. No. 45), construed as a Notice of Voluntary Dismissal, serves to **DISMISS WITH PREJUDICE** the instant action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), against Defendant Certain Underwriters at Lloyd's of London, with each party to bear its own attorneys' fees and costs; and it is further

**ORDERED** that Defendant Certain Underwriters at Lloyd's of London's "Motion to Compel Arbitration and Stay, or Dismiss, the Proceedings" (Dkt. No. 2) is **DENIED AS MOOT**; and it is further

**ORDERED** that Defendant Certain Underwriters at Lloyd's of London's "Motion to Compel Arbitration and Stay, or Dismiss, the Proceedings" (Dkt. No. 10) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **TERMINATED** as to Defendant Certain Underwriters at Lloyd's of London only, as of the filing of the "Joint Stipulation of Dismissal with Prejudice" (Dkt. No. 45) on December 29, 2025.

**SO ORDERED.**

Date: January 26, 2026               _____/s/_____
                                     WILMA A. LEWIS
                                     Senior District Judge